Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000442
28-FEB-2019
08:04 AM

NO. CAAP-15-0000442

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE APPLICATION OF
CHARLES EDMOND DAVIS,
Situate in Waikiki, Honolulu, Oahu.

---

IN RE PETITIONERS LILY TAI NOMURA, RICHARD Y.S.
LEE, LONG LIFE FOUNDATION, a Hawaii non-profit
corporation, and ALOHA RAINBOW INVESTMENTS, a Hawaii
corporation affecting Transfer Certificate of Title
Nos. 1053288 and 182404

APPEAL FROM THE LAND AND TAX APPEAL COURT
(1 L.D. No. 14-1-3091)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Petitioners-Appellants Lily Tai Nomura, Richard Y.S.

Lee, Long Life Foundation, and Aloha Rainbow Investments, Inc.

(**Petitioners**) appeal from the Final Judgment entered on January

23, 2015 (**Judgment**), by the Land and Tax Appeal Court of the

State of Hawai'i (**Land Court**).[1]  Petitioners also challenge the

Land Court's January 23, 2015 Order Granting [Appellee-]

---

[1]    The Honorable Gary W.B. Chang presided.

Respondent Association of Apartment Owners of Century Center's [(**AOAO's**)] Motion for Summary Judgment (**Order Granting Summary Judgment**) and September 24, 2015 Order Denying Petitioner's [sic] Motion to Reconsider the Court's [Order Granting Summary Judgment] and to Set Aside Final Judgment (**Order Denying Reconsideration**).

Petitioners raise two points of error on appeal, contending that: (1) the Land Court erred in finding and concluding that the AOAO's Second Restated Declaration of Condominium Property Regime of the Century Center (**Declaration**)[2/] provides for a contractual power of sale to conduct a nonjudicial foreclosure; and (2) the Land Court erred in finding and concluding that Petitioners' Petition to Enjoin or Cancel a Wrongful Foreclosure and Expunge or Strike Doc. Nos. 9010254 and 9010255 From TCT 1053288 (**Petition**) was untimely under <u>Aames Funding Corp. v. Mores</u>, 107 Hawai'i 95, 110 P.3d 1042 (2005).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

(1) Petitioners contend, *inter alia*, that the Declaration merely provides that the AOAO may foreclose as provided by the Condominium Property Act, that the applicable

---

[2/] The AOAO submits that an earlier version of the Declaration was in effect at the time the disputed foreclosure process was initiated, but states that the earlier version contains identical language regarding AOAO foreclosures. For the purposes of this appeal, we will refer to the version of Section H of the Declaration quoted by Petitioners, recognizing that the version of Section H quoted by the AOAO may in fact be applicable, but that the parties agree and this court recognizes that the differences are not material to resolution of this appeal.

statutes do not grant the AOAO with a power of sale of the Petitioners' units, that the Declaration does not unambiguously give the AOAO a power of sale over its units, and that therefore, the AOAO did not have the power to foreclose using nonjudicial power of sale foreclosure procedures.

The AOAO contends, *inter alia*, that the language of the Declaration stating a lien against an apartment "may be foreclosed by the Board or Managing Agent as provided by said Condominium Property Act," permits the AOAO to foreclose using the nonjudicial or power of sale foreclosure procedures set forth in Hawaii Revised Statutes (**HRS**) chapter 667 (2016).

Section H of the Declaration provides, in relevant part:

> The Board of Directors of the Association (herein called the "Board") shall from time to time assess the common expenses against all the apartments in their respective proportionate shares, and the unpaid amount of such assessments against any apartment shall constitute a lien against such apartment which may be foreclosed by the Board or Managing Agent as provided by said Condominium Property Act, . . . provided that thirty (30) days' prior written notice of intention to foreclose shall be mailed, postage prepaid, to all persons having any interest in such apartment as shown in the Association's record of ownership.

This court recently addressed the issue of whether an express power of sale in favor of an association must exist, in the association's bylaws or another enforceable agreement with its unit owners, in order for the association to avail itself of the nonjudicial power of sale foreclosure procedures set forth in HRS chapter 667. <u>See</u> <u>Sakal v. Ass'n. of Apt. Owners of Hawaiian Monarch</u>, 143 Hawai'i 219, 426 P.3d 443 (App. 2018).[3] After

---

[3]     On December 30, 2018, the Hawai'i Supreme Court rejected Petitioner/Defendant-Appellee Association of Apartment Owners of Hawaiian
(continued...)

reviewing the Hawai'i Foreclosures statute, HRS chapter 667, this court concluded:

> [A] power of sale is an authority reserved by or granted to a person or entity to dispose of another person's vested property interest, for the first party's own benefit or the benefit of a third party. We will not infer that such significant powers have been granted over an entire class of property in the absence of a clear legislative act or, with respect to a particular association or property, by express authorization in a contract entered into by, or otherwise binding on, the affected parties. HRS chapter 667 provides for various alternative processes or procedures through which a lienholder might foreclose on a property, but it does not grant a lienholder association with a power of sale over a unit owner's property. Rather, such power of sale must otherwise exist in order for the association to lawfully avail itself of the nonjudicial foreclosure alternative.

Sakal, 143 Hawai'i at 226, 426 P.3d at 450 (citation omitted).

After reviewing the Hawai'i condominium property regime statutes, HRS chapters 514A and 514B, this court further concluded:

> HRS § 514A-90 does not authorize an association to conduct a nonjudicial or power of sale foreclosure other than as provided in HRS chapter 667, which in turn does not authorize a nonjudicial power of sale foreclosure absent an otherwise existing power of sale.

and

> [L]ike HRS § 514A-90, HRS § 514B-146 does not authorize an association to conduct a nonjudicial or power of sale foreclosure other than as provided in HRS chapter 667, which does not authorize a nonjudicial or power of sale foreclosure absent a power of sale.

Sakal, 143 Hawai'i at 228, 426 P.3d at 452.

Upon review of the pertinent language in the Declaration, we conclude that the Declaration does not give the

---

[3/] (...continued)
Monarch's Application for Writ of Certiorari. The petitioner association had argued, *inter alia,* that the Condominium Property Act authorized and empowered associations to exercise nonjudicial or power of sale foreclosures, an argument that this court rejected. On January 17, 2019, the supreme court accepted Petitioner/Defendant-Appellant Christian Sakal's Application for Writ of Certiorari. The petitioner apartment owner argued that this court erred by concluding that, under the circumstances of the case, the petitioner apartment owner was precluded from recovering title to the foreclosed-upon unit. This latter petition remains pending before the supreme court.

AOAO a power of sale over its units and, as held in Sakal, the statutes relied upon by the AOAO do not grant associations powers of sale over all condominium units. Accordingly, we conclude that the Land Court erred in finding and concluding that the Declaration establishes a contractual right for the AOAO to conduct nonjudicial or power of sale foreclosures and erred in granting summary judgment on that basis.

(2) Petitioners contend that the Land Court erred in concluding that the Petition was untimely under Aames.

In Aames, the supreme court concluded as to Land Court property, *inter alia*, that "defenses to mortgages foreclosed upon by exercise of the mortgagee's power of sale must be raised 'prior to the entry of a new certificate of title.' HRS § 501-118." Aames, 107 Hawai'i at 102, 110 P.3d at 1049. The supreme court further concluded that, when objections were filed after, rather than prior to, the issuance of a new transfer certificate of title (TCT), title in the subject property had become conclusive and unimpeachable. Id. at 102-03, 110 P.3d at 1049-50.

Here, as the AOAO acknowledges, there was no entry of a new certificate of title because the interest foreclosed upon was a leasehold interest. Thus, we conclude that Aames is inapplicable. See Wells Fargo Bank, N.A. v. Omiya, 142 Hawai'i 439, 420 P.3d 370 (2018) (strictly construing HRS § 501-118 and holding that the issuance of a new certificate of title, not some other indicia of transfer such as the assignment of a new TCT

5

number, is necessary to render title conclusive and unimpeachable under HRS § 501-118).

Accordingly, we conclude that the Circuit Court erred when it entered summary judgment based on its finding and conclusion that "filing of the petition is untimely under the Hawaii State Supreme Court's decision in <u>Aames Funding Corp. v. Mores</u>, 107 Hawai'i 95 (2005)."[4/]

In light of our ruling on the Order Granting Summary Judgment, we need not address the Order Denying Reconsideration.

For these reasons, the Land Court's January 23, 2015 Judgment is vacated, and this case is remanded to the Land Court for further proceedings.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Daniel J. O'Meara,
(Dubin Law Offices),
for Petitioners-Appellants.

R. Laree McGuire,
Jennifer M. Porter,
(Porter McGuire Kiakona & Chow),
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[4/] We do not reach potential alternative grounds for summary judgment that were not raised in AOAO's November 18, 2014 motion for summary judgment and not relied upon in the Land Court's Order Granting Summary Judgment.